[Cite as *Komnenic v. Ohio Dept. of Transp.*, 2015-Ohio-4939.]

**IN THE COURT OF CLAIMS OF OHIO**

THOMAS KOMNENIC

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

Case No. 2015-00325-AD

Clerk Mark H. Reed

MEMORANDUM DECISION

{¶1} Plaintiff Thomas Komnenic filed this claim on April 8, 2015 to recover damages which occurred on March 2 and March 11, 2015 when his 2015 Subaru Forester was struck on the windshield by loose debris/rocks on two separate instances, while traveling on I-77 South in Cuyahoga County, Ohio. This road is a public road maintained by the Ohio Department of Transportation. Plaintiff's vehicle sustained damages in the amount of $504.54. Plaintiff maintains an insurance deductible of $500.00.

{¶2} In order to recover on a claim for roadway damages against the Ohio Department of Transportation, Ohio law requires that a motorist/plaintiff prove *all* of the following:

{¶3} That the plaintiff's motor vehicle received damages as a result of coming into contact with a dangerous condition on a road maintained by the defendant.

{¶4} That the defendant knew or should have known about the dangerous road condition.

{¶5} That the defendant, armed with this knowledge, failed to repair or remedy the dangerous condition in a reasonable time.

{¶6} In this claim, the Court finds that the plaintiff did prove that his vehicle received damages and that those damages occurred as a result of the plaintiff's vehicle

coming into contact with a dangerous condition on a road maintained by the defendant.

{¶7} The next element that a plaintiff must prove to succeed on a claim such as this is to show that the defendant knew or should have known about this dangerous condition.

{¶8} Based on the evidence presented, the Court is unable to find that the defendant had actual knowledge of the dangerous condition. Likewise, the Court is unable to find that the defendant should have known about this dangerous condition and thus would have had constructive notice about the highway danger. Constructive notice is defined as "(n)otice arising from the presumption of law from the existence of facts and circumstances that a party has a duty to take notice of…Notice presumed by law to have been acquired by a person and thus imputed to that person." (Black's Law Dictionary at 1090 8th Ed. 2004.)

{¶9} In order for there to be constructive notice a plaintiff must prove that sufficient time has passed after the dangerous condition first appears, so that under the circumstances the defendant should have gained knowledge of its existence. This the plaintiff has been unable to do.

{¶10} In the Investigation Report filed June 11, 2015, the defendant stated that the location of the incidents were on IR 77 southbound in Cuyahoga County, between mile markers 150.0 and 153.2. This section of the roadway has an average daily traffic count of between 86,040 and 107,880 vehicles. Despite this volume of traffic, the department had received no notice of any loose debris/rocks on this road thus the Court is unable to find that the department had actual notice about this road debris. Within the past six months, the department had also conducted two hundred fifty-eight (258) maintenance operations on IR 77 in Cuyahoga County without discovering any loose rocks/debris. If road debris had existed for any appreciable length of time on the roadway, it is probable that it would likely have been discovered by the department's work crews. Thus, the Court cannot find that the department should have known about this road debris. It is thus likely that these rocks had only recently traveled into the roadway and that ODOT had not been notified regarding this hazard.

{¶11} Finally, it must be pointed out that under Ohio law, the burden of proof in civil claims like this one rests on the plaintiff.  The plaintiff, to succeed on the claim, must prove that ODOT either knew or reasonably should have known about the road debris.  Admittedly, this places a difficult task on a plaintiff in a road debris claim against ODOT. However, this is the law that is binding on this Court at the present time.

{¶12} Finally, the law in Ohio is that the department is not an absolute insurer of a motorist's safety on the highway.  The department is only liable for damage when the Court finds that it was negligent.  This the Court is unable to do.

{¶13} Since the plaintiff is unable to prove that the defendant knew or should have known about this dangerous condition, the claim must fail.

**IN THE COURT OF CLAIMS OF OHIO**

THOMAS KOMNENIC

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

Case No. 2015-00325-AD

Clerk Mark H. Reed

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
MARK H. REED
Clerk

Entry cc:

Thomas Komnenic
9110 Memphis Avenue
Brooklyn, Ohio  44144

Jerry Wray, Director
Ohio Department of Transportation
1980 West Broad Street
Mail Stop 1500
Columbus, Ohio  43223

Filed 9/2/15
Sent to S.C. Reporter 11/30/15